Tribune Review Publishing Co. Case.

Argued May 25, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Fred B. Trescher,* with him *D. J. Snyder, Jr.* and *Vincent R. Smith,* for petitioners.

*Paul K. McCormick,* with him *H. Reginald Belden,* for respondents.

*Charles E. Kenworthey,* with him *Walter T. McGough* and *Reed, Smith, Shaw & McClay,* for Pennsylvania Newspaper Publishers' Association, intervenor.

*Max Ehrlich* (of the New York State Bar), for National Press Photographers Association, amicus curiae.

OPINION PER CURIAM, June 29, 1954:

The petition in this case for a writ of prohibition must be dismissed because it does not present a justiciable controversy. Such dismissal is made without prej-

udice as to the merits of the question presently raised or any future consideration thereof if presented in a proper case.

This court does not entertain a proceeding which seeks an abstract, academic opinion as to the constitutionality of a *statute*. It acts only in a case in which the application of the statute to an actual situation creates a cause of action which may then be asserted by a litigant affected thereby. What is thus true in regard to a *statute* is equally true of a *rule of court*.

It should be obvious that this court cannot undertake to revise or edit rules adopted by courts of inferior jurisdiction unless and until their application —not their threatened but their actual application— gives rise to a grievance subject to appellate review and remedy.

Even apart from the fact that the rule of court complained of has been revised and amended since the petition for a writ of prohibition was filed, it is clear that the particular facts and circumstances of each case might well involve different considerations as to the validity of the rule in its application,—such circumstances, for example, as the time when and place where it is desired to take photographs and the nature of the civil or criminal case being tried. Moreover, until the court, in the enforcement of a rule, deprives one of a constitutional or other legal right, no cause of action arises. And, finally, any action, whether in the nature of contempt proceedings or otherwise, which is brought to test the validity of the rule complained of, should be initiated in the court of its authorship, so that that court may itself consider and pass upon the merits of the complaint, and this court, on appeal, may be aided by its opinion.

The petition is dismissed without prejudice.