## Musmanno v. Eldredge

536

*J. Dress Pannell, George Kunkel* and *James J. Davis, Jr.,* for plaintiff.

*Owen J. Roberts,* and with him, *George Wharton Pepper,* for defendant.

PER CURIAM, January 5, 1955.—This action in mandamus was brought by the Hon. Michael A. Musmanno, justice of the Supreme Court of Pennsylvania. By it he seeks to compel defendant, Laurence H. Eldredge, State reporter, to publish in the State Reports the dissenting opinion of plaintiff in the Tribune Review Publishing Company case, the per curiam opinion of which is reported in 379 Pa. 92.

The pleadings consist of the complaint, the answer raising new matter, the reply thereto, and motion of defendant for judgment on the pleadings. Argument was had on the record thus presented.

An intermediate step consisted of plaintiff's motion for an order preserving the status quo, defendant's countermotion to dismiss the same, and a per curiam opinion of this court refusing to make an order preserving the status quo. This aspect of the case was not involved in the argument for judgment on the pleadings.

### Discussion

We do not propose to discuss the intramural conferences of the Supreme Court any more than is abso-

lutely necessary. Defendant has in effect argued that the per curiam opinion of the Supreme Court was a unanimous decision in which plaintiff joined. The opinion notes no dissent. It seems to be clear, however, that plaintiff joined therein after expressing his protest, and in the expectation that a test case would be instituted which would present a justiciable case, and afford him an opportunity to express his protest by a dissenting opinion. If this be true there was no dissent when the justices of the Supreme Court were polled on the per curiam opinion.

It was stated by Mr. Chief Justice Paxson, in C. J. Clarke et al. v. Western Assurance Co., 146 Pa. 561, 570 that:

"A per curiam is the opinion of the court in a case in which *we are all of one mind,* and so clear that we do not think it necessary to elaborate it by an extended discussion." (Italics supplied.)

Bouvier's Law Dictionary defines per curiam as follows:

"Per Curiam (Lat. by the court). A phrase which occurs constantly in the reports. It distinguishes the opinion or decision of the court from that of a single judge; Abb. Law Dict. 353; though frequently it merely precedes the opinion — by the Court — without the last mentioned significance. It designates, in Pennsylvania, opinions written by the Chief Justice of the Supreme Court."

Be all this as it may, in more recent years in Pennsylvania, there have been per curiam opinions in the Supreme Court to which dissenting opinions have been filed. We do not feel, therefore, that as a matter of law we can hold that a per curiam opinion, at the present time, is of necessity a unanimous opinion, nor do we predicate our conclusions upon the grounds that the Tribune per curiam opinion was unanimous.

Turning now to the statutory law, we find that the Act of April 11, 1845, P. L. 374, sec. 2, provided:

"That no minority opinions of said court shall be published by said reporter".

The Act of March 3, 1868, P. L. 46, provides:

". . . the reporter aforesaid is hereby *authorized* to publish minority opinions of the said court on all *constitutional questions.*" (Italics supplied.)

These two statutes seem to be the only ones which ever referred to minority opinions. The former has been repealed. The latter is still in effect.

Plaintiff would have us construe "authorize" as equivalent to "direct". After careful and serious consideration we are unable to agree. We do not believe that the statute makes it mandatory for the reporter to publish all dissenting opinions raising constitutional questions. We think rather that they may be printed when the Supreme Court so directs.

Furthermore, the Supreme Court, in the Tribune case, supra, has held that it did not involve a justiciable controversy. This is equivalent, we believe, to saying that the Tribune Company sought an advisory opinion. This being the holding of the Supreme Court, we are bound thereby and must conclude that no case was presented for decision, let alone one raising a constitutional question. We add, however, that should a litigated case arise involving the merits of the ruling of the lower court, a constitutional question would undoubtedly be involved.

Finally, since the Supreme Court has already ruled that the dissenting opinion should not be published in the State Reports, we feel that such ruling is conclusive upon us. We cannot be expected to reverse the Supreme Court. Practically all other matters are academic.

Being of the opinion that the right of plaintiff to the relief he seeks is not clear, and for the reasons afore-

said, we conclude that defendant is entitled to judgment on the pleadings.

*Order*

And now, to wit, January 5, 1955, judgment is hereby entered in favor of defendant and against plaintiff.